UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| CHARLES KING | **COMPLAINT** |
| Plaintiff(s) | JURY TRIAL DEMANDED |
| v. | |
| COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER RANDY S. DONLEY; POLICE OFFICER "JOHN" DeSIMONE (Shield # 7299), (the name "John" being fictitious, as the true first name is currently unknown, in their individual and in their official capacities, OFFICE OF THE NASSAU COUNTY POLICE COMMISSIONER and Police Officers JOHN DOE 1 through JOHN DOE 10(the name "John Doe" being fictitious, as the truenames are presently unknown), in their individual and in their official capacities, | |
| Defendant(s) | |

------------------------------------------------------------------X

Plaintiff, CHARLES KING, though his attorney, Marcote & Associates, P.C., as and for his complaint, does hereby state and allege:

PRELIMINARY STATEMENT

1.      This is a civil rights action bought to vindicate the plaintiffs' rights under the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. §1983 and pendent claims through the Constitution and laws of the State of New York. Plaintiff seeks compensatory and punitive damages, an award of costs and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over these claims pursuant to Article III, Section 1 of the Constitution and 28 U.S.C. §§ 1331 and 1343.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States.

3.  This Court may also exercise supplemental jurisdiction over the Plaintiffs' state law claims that arise from the same facts and circumstances under 28 U.S.C. §1367.

4.  Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391(B).

5.  An award of costs and attorney fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

6.  Plaintiff, CHARLES KING, is a citizen of the Unites States and a resident of Nassau County in the State of New York.

7.  Defendant, COUNTY OF NASSAU ("COUNTY"), is a municipal corporation organized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The COUNTY operates the NASSAU COUNTY POLICE DEPARTMENT and is ultimately responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers.  Defendant COUNTY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NASSAU COUNTY POLICE DEPARTMENT.

8. Defendant, NASSAU COUNTY POLICE DEPARTMENT, ("NCPD"), is an agency of the COUNTY and charged with and responsible for appointing and promoting the members within its Department and for the supervision, training, instruction, discipline, control and conduct of the Police Department and its personnel. At all relevant times, Defendant NCPD had the power, right and duty to control the manner in which its police officers carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the Police Department were consistent with the Constitution and the laws of the municipality.

9. Defendant, POLICE OFFICER RANDY S. DONLEY, ("PO DONLEY"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NCPD. The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the COUNTY and NCPD Defendants. Upon information and belief, PO DONLEY is a resident of Nassau County, New York. PO DONLEY is being sued in his individual and official capacity.

10. Defendant, POLICE OFFICER "JOHN" DeSIMONE, SHIELD NO. 7299, ("PO DeSIMONE"), was at all times relevant to the incidents which are the subject of this lawsuit, a police officer of the NCPD. The acts of Defendant which are the subject of this lawsuit were undertaken in the regular course of his employment for the COUNTY and NCPD Defendants. Upon information and belief, PO DeSIMONE is a resident of Nassau County, New York. PO DeSIMONE is being sued in his individual and official capacity.

11. Defendant, OFFICE OF THE NASSAU COUNTY POLICE COMMISSIONER ("COMMISSIONER"), was at all time relevant to the incidents which are the subject of this lawsuit, the Police Commissioner of the NCPD. As such, he is the responsible party for supervising, training,

instruction, discipline, control and conduct of the Defendant Police Officers. He is also charged with promulgating all orders, rules, instructions and regulations of the NCPD, including, but not limited to, those orders, rules, instructions and regulations concerning the use of force and of deadly weapons, as well as treatment of persons in police custody. He also has the authority to approve all weapons to be used by members of the Police Department. He is sued both individually and in his official capacity. Upon information and belief, Defendant COMMISSIONER is a resident of Nassau County, New York.

12. Defendants, NCPD Officers JOHN DOE 1 through JOHN DOE 10 (collectively the "officer-defendants") are and were at all relevant times herein, officers, employees, servants and agents of the NCPD.

13. JOHN DOE 1 through JOHN DOE 10, are not currently known to Plaintiff but are believed to be involved in the incident giving rise to the claim. Upon the officer-defendants identity being determined, Plaintiff will advise the Court of same.

14. The officer-defendants are being sued in their individual and official capabilities.

15. At all times relevant herein, PO DONLEY, PO DeSIMONE and the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NCPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NCPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NCPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NCPD.

16. PO DONLEY, PO DeSIMONE and the officer-defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. KING'S rights.

17. At all relevant times, PO DONLEY, PO DeSIMONE and the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and authority of their offices to one another.

## STATEMENT OF FACTS

18. At approximately 1:50 p.m. on September 20, 2015 Plaintiff was arrested in the vicinity of 227 N. Idaho Avenue, North Massapequa, Nassau County, New York.

19. Without warning, or explanation, Plaintiff was injured by one of the arresting officers. Plaintiff suffered severe injuries to his whole head, including his nose, jaw and temple, along with injury to his lower back.

20. Subsequently, Plaintiff was transported from the scene via ambulance to Nassau University Medical Center, where he was evaluated and released to the custody of the NCPD.

21. Plaintiff was severely injured as a result of the reckless, negligent and intentional conduct of the Defendants. In addition to the injuries to his head, nose, temple, jaw and lower back the Plaintiff suffered and continues to suffer from, he also continues to suffer from mental and emotional distress as a result of the incident.

22. Upon information and belief, sometime prior to September 20, 2015, Defendant COMMISSIONER promulgated the policy of the NCPD for the use of force in effecting an arrest and/or detention of a person post arrest as well as providing medical care and access to medical care.

<u>COUNT I</u>

<u>DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION</u>

<u>THROUGH 42 U.S.C. §1983</u>

23. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. Acting under color of law and the authority of COUNTY Defendant, PO DONLEY, PO DeSIMONE and officer-defendants (collectively "Defendant Police Officers"), intentionally, negligently and with complete indifference for Plaintiff's rights caused Plaintiff to be deprived of his constitutional rights, including, but not limited to, those set forth below by:

    a. using a degree of force that was unreasonable under the circumstances, and in violation of Plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment;

    b. subjecting Plaintiff to punishment and injury without the benefit of a trial by jury in violation of his rights under the Sixth and Eighth Amendments;

    c. depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the Fifth Amendment; and

    d. making false statements in writing about how Plaintiff's injuries occurred.

25. Defendant COMMISSIONER, under color of law, intentionally, negligently and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his Constitutional rights, including, but not limited to:

    a.    failing to instruct his members in using a degree of force that was reasonable under the circumstances, and in violation of Plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment;

    b.    subjecting Plaintiff to punishment and injury without the benefit of a trial by jury in violation of his rights under the Sixth and Eighth Amendments;

    c.    depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the Fifth Amendment;

    d.    failing to supervise properly the training and conduct of Defendant Police Officers;

    e.    failing to enforce the laws of the State of New York, and the provisions of the Constitution of the United States concerning the use of force by members of the police force while making an arrest; and

    f.    promulgating, issuing and affirming policies set forth in the Nassau County Police Manual that would encourage and/or allow violation of a person's rights as well as failure to follow various policies designed to protect against such abuses of a person's rights happening.

26.    Plaintiff's injuries and deprivations of Constitutional rights were proximately caused in part by Defendant COMMISSIONER'S:

    a.    inadequate supervision of the training and conduct of Defendant Police Officers;

      b.      failure to enforce the laws of the State of New York and the provisions of the Constitution of the United States;

      c.      issuance of vague, confusing and contradictory policies concerning the use of force that are inconsistent with the requirements of the Fourth, Fifth, Sixth and Eighth Amendments of the United States Constitution;

      d.      by permitting the use of unreasonable force to occur and to be allowed by the NCPD by its failure to have effective policies and/or adhere to effective policies regarding the prevention of unreasonable force, the use thereof, the reporting required regarding the use of force, as well as inadequate investigation of incidents involving use of force, thereby proximately causing the deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth and Eighth Amendments to the United State Constitution.

27. Defendants deprivation of Mr. KING'S rights under the New York State Constitution resulted in the injuries and damages set forth herein.

## COUNT II

## VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK

28. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants' conduct alleged herein breached the protections guaranteed to Mr. KING by the New York State Constitution, including the following rights: (a) freedom from unreasonable seizure of his person, under Article I, Section 12; (b) freedom from cruel and unusual

punishment, under Article I, Section 12 and (c) freedom from excessive force under Article I, Section 12.

30.     Defendant Police Officers negligently and intentionally deprived Plaintiff of his right under State and County laws to be free from unnecessary and wanton force during arrest, by their malicious use of unreasonable and excessive force in injuring Plaintiff without cause.

31.     As a result of Defendant Police Officers use of excessive and unreasonable force in arresting Plaintiff, Plaintiff suffered severe and permanent physical injury and emotional distress.

32.     Defendant COMMISSIONER negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers by failing to train members of the Nassau County Police Department to enforce the laws in effect in Nassau County, New York and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the treatment of prisoners, subjects and use of force in arrests by the members of the Nassau County Police Department.

33.     Defendants COUNTY and NCPD negligently caused the above described injuries by failing to properly train, supervise and control the conduct of Defendant Police Officers, by failing to train members of the NCPD to enforce laws in effect in Nassau County, New York and by failing to promulgate, issue and enforce appropriate procedures and regulations concerning the use of force in arrest and treatment of those in custody that are injured by members of the Nassau County Police Department.

34.     Defendants deprivation of Mr. KING'S rights under the New York State Constitution resulted in the injuries and damages set forth herein.

## COUNT III

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

## UNDER THE LAWS OF THE STATE OF NEW YORK

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. Defendant COUNTY negligently hired, screened, retained, supervised and trained Defendants. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Mr. KING and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. Defendant COMMISSIONER negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers.

38. Defendants COUNTY and NCPD negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Police Officers, to wit:

    a. ensuring that the individual Defendants understood what was and was not a justified basis for use of force while a subject is being arrested and/or in custody;

    b. requiring that departmental policies be adhered to as regards to reporting of incidents involving injuries to those being arrested and/or in custody, processing of reports involving injuries to those being arrested and/or in custody; investigating of complaints regarding excessive force and review and/or supervision of investigations by Internal Affairs;

10

      c.      failure to sufficiently supervise investigations as regards use fo force by members of department so that such is done in accordance with departmental guidelines, or documented as to why such is not feasible; that reasonable investigation efforts are undertaken before a conclusion is accepted by the department; and

      d.      lack of timely investigation.

39.    Defendants COUNTY and NCPD, as the employer of Defendant Police Officers and COMMISSIONER are liable given that (1) the officers acted under color of State law while on duty; (2) the Plaintiff's civil rights were violated as a result of him sustaining injury without cause; (3) the NCPD policies are inadequate in terms of providing sufficient direction as to how incidents involving injuries to those under arrest and/or custody should be handled and processed, that said Department's policies are discriminatory in that injuries occurring to police officers require different and further action than those provided to non-department employees, and (4) that the applicable policies that exist are not enforced to such an extent that failure to follow them is not viewed as an issue by individual Defendant members of the department, nor Internal Affairs.

40.    As a result of the foregoing, Mr. KING was deprived of his liberty, suffered specific bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

COUNT V

ASSAULT AND BATTERY

41.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. The above described incident by PO DONLEY, PO DeSIMONE and officer-defendants on September 20, 2015, constitute assault and battery against Plaintiff under the laws of the State of New York.

43. As a result of the assault and battery upon his person by Defendant Police Officers, Plaintiff has suffered sever and permanent physical and mental injuries and emotional distress.

## JURY DEMAND

44. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

(a) Compensatory damages in an amount to be determined at trial, but not less than $2,000,000.00, jointly and severally against Defendants for the matters alleged in this Complaint;

(b) Punitive damages in an amount to be determined at trial against all Defendatnts, jointly and severally;

(c) Reasonable attorney fees and costs pursuant to U.S.C. §1988; and

(d) For such other and further relief as this Court deems just and proper.

Dated: September 11, 2018

MARCOTE & ASSOCIATES, P.C.

*Louis F. Chisari*

By: Louis F. Chisari, Esq. (LC 0383)
108 New South Road
Hicksville, New York 11801
File No.: MA16-1419
Tel: (516) 280-2281   Fax: (516) 280-2283
E-Mail Address: lchisari@marcotelaw.com

12

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

**INDEX NUMBER:**

CHARLES KING,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER RANDY S. DONLEY; POLICE OFFICER"JOHN" DeSIMONE (Shield # 7299) (the name "John"being fictitious, as the true first name is currently unknown, in their individual) and in their official capacities, OFFICE OF THE NASSAU COUNTY POLICE COMMISSIONER,   and Police Officers JOHN DOE 1 through JOHN DOE 10 (the name "John Doe" being fictitious, as the true names are presently unknown),in their individual and in their official capacities,

# 'SUMMONS AND COMPLAINT'

**MARCOTE ASSOCIATES, P.C.**
*Attorney and Counselors at Law*
Attorneys for Plaintiff:
CHARLES KING
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
PHONE:(516) 280-2281
FAX:   (516) 280-2283