UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLES KING,　　　　　　　　　　　　　　　　　　CV-18-5126 (SJF) (AYS)

　　　　　　　　　　Plaintiff,　　　　　　　　　　　ANSWER TO COMPLAINT

　　　　-　against　-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
RANDY S. DONLEY; POLICE OFFICER
"JOHN" DeSIMONE (Shield #7299) (the name
"John" being fictitious, as the true first name is
currently unknown) in their individual and
in their official capacities, OFFICE OF THE
NASSAU COUNTY POLICE COMMISSSIONER
and Police Officers JOHN DOE 1 through JOHN
DOE 10 (the name "John Doe" being fictitious, as
the true names are presently unknown), in their
individual and in their official capacities,

　　　　　　　　　　Defendants.
----------------------------------------------------------------X

　　　　Defendants County of Nassau, Nassau County Police Department, Police Officer Randy S. Donley, Police Officer Robert DeSimone (s/h/a Police Officer "John" DeSimone (Shield #7299)) and Office of the Nassau County Police Commissioner (hereinafter referred to as the "Defendants") by their undersigned counsel answer the Plaintiff's Complaint (DE 1) upon information and belief as follows:

**PREFATORY DISCLOSURE**

　　　　In accordance with Local Civil Rule 1.6(a), counsel for the Defendants hereby notifies the Court of a related matter. Specifically, Plaintiff commenced an action under Docket Number CV-18-2277 which was substantially similar, if not almost identical, to the within action. The prior lawsuit had been assigned to District Judge Hurley and Magistrate Judge Tomlinson and was voluntarily dismissed on September 11, 2018.

1

## ANSWERING: "PRELIMINARY STATEMENT"

1. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and respectfully refer questions of law to the Court.

## ANSWERING: "JURISDICTION AND VENUE"

2. Deny the allegations contained in paragraph 2 of the Complaint and respectfully refer questions of law to the Court.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and respectfully refer questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint and respectfully refer questions of law to the Court.

## ANSWERING: "PARTIES"

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint except aver that the County of Nassau is a Municipal Corporation organized and existing pursuant to the laws of the State of New York, and respectfully refer questions of law to the Court.

8. Deny the allegations contained in paragraph 8 of the Complaint and respectfully refer questions of law to the Court.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint and respectfully refer questions of law to the Court.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and respectfully refer questions of law to the Court.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

### ANSWERING: "STATEMENT OF FACTS"

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint but aver that Plaintiff was arrested on September 20, 2015.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint but aver that Plaintiff was transported to a hospital for evaluation and treatment on September 20, 2015.

21. Deny the allegations contained in paragraph 21 of the Complaint

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

# ANSWERING: "COUNT I
# DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION
# THROUGH 42 U.S.C. § 1983"

23. In response to paragraph 23 of the Complaint, Defendants repeat and reassert the responses contained in paragraphs 1 through 22, above, as if the same were more fully set forth at length herein.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 24.a of the Complaint.

26. Deny the allegations contained in paragraph 24.b of the Complaint.

27. Deny the allegations contained in paragraph 24.c of the Complaint.

28. Deny the allegations contained in paragraph 24.d of the Complaint.

29. Deny the allegations contained in paragraph 25 of the Complaint.

30. Deny the allegations contained in paragraph 25.a of the Complaint.

31. Deny the allegations contained in paragraph 25.b of the Complaint.

32. Deny the allegations contained in paragraph 25.c of the Complaint.

33. Deny the allegations contained in paragraph 25.d of the Complaint.

34. Deny the allegations contained in paragraph 25.e of the Complaint.

35. Deny the allegations contained in paragraph 25.f of the Complaint.

36. Deny the allegations contained in paragraph 26 of the Complaint.

37. Deny the allegations contained in paragraph 26.a of the Complaint.

38. Deny the allegations contained in paragraph 26.b of the Complaint.

39. Deny the allegations contained in paragraph 26.c of the Complaint.

40. Deny the allegations contained in paragraph 26.d of the Complaint.

41. Deny the allegations contained in paragraph 27 of the Complaint.

## ANSWERING: "COUNT II
## VIOLATIONS OF THE CONSTITUTION OF THE STATE OF NEW YORK"

42. In response to paragraph 28 of the Complaint, the Defendants repeat and reassert the responses contained in paragraphs 1 through 41, above, as if the same were more fully set forth at length herein.

43. Deny the allegations contained in paragraph 29 of the Complaint.

44. Deny the allegations contained in paragraph 30 of the Complaint.

45. Deny the allegations contained in paragraph 31 of the Complaint.

46. Deny the allegations contained in paragraph 32 of the Complaint.

47. Deny the allegations contained in paragraph 33 of the Complaint.

48. Deny the allegations contained in paragraph 34 of the Complaint.

## ANSWERING: "COUNT III
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK"

49. In response to paragraph 35 of the Complaint, the Defendants repeat and reassert the responses contained in paragraph 1 through 48, above, as if the same were more fully set forth at length herein.

50. Deny the allegations contained in paragraph 36 of the Complaint.

51. Deny the allegations contained in paragraph 37 of the Complaint.

52. Deny the allegations contained in paragraph 38 of the Complaint.

53. Deny the allegations contained in paragraph 38.a of the Complaint.

54. Deny the allegations contained in paragraph 38.b of the Complaint.

55. Deny the allegations contained in paragraph 38.c of the Complaint.

56. Deny the allegations contained in paragraph 38.d of the Complaint.

57. Deny the allegations contained in paragraph 39 of the Complaint.

58. Deny the allegations contained in paragraph 40 of the Complaint.

<b><u>ANSWERING: "COUNT V<br>ASSAULT AND BATTERY"</u></b>

59. In response to paragraph 41 of the Complaint, the Defendants repeat and reassert the responses contained in paragraphs 1 through 58, above, as if the same were more fully set forth at length herein.

60. Deny the allegations contained in paragraph 42 of the Complaint.

61. Deny the allegations contained in paragraph 43 of the Complaint.

<b><u>ANSWERING: "JURY DEMAND"</u></b>

62. Responding to paragraph 44 of the Complaint, there are no allegations contained therein and, therefore, no response is required.

<b><u>ANSWERING: "RELIEF REQUESTED"</u></b>

63. Defendants deny that Plaintiff is entitled to the relief requested in the "WHEREFORE" clauses and subparagraphs (a), (b), (c), and (d) therein.

<b><u>AFFIRMATIVE DEFENSES</u></b>

64. Should Plaintiff recover damages as a result of a finding of liability in whole or in part as against the County Defendants, such recovery should be reduced and diminished in proportion to the degree of comparative negligence of Plaintiff in contributing to such damages.

65. If the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, reckless, wrongful, intentional or unlawful conduct of the Plaintiff without any negligence, recklessness, wrongdoing, intent or unlawful conduct on the part of the Defendants, or the County of Nassau, its agents, servants or employees contributing thereto.

66. The alleged acts or omissions of the Defendants were not the proximate cause of any injuries or damages alleged to have been incurred by Plaintiff. Any injuries or damages allegedly incurred by Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendants.

67. The amounts alleged violate CPLR 3017 and/or the General Municipal Law.

68. This action is barred by the equitable doctrines of Res Judicata and/or collateral estoppel in that the underlying criminal proceedings were not resolved in Plaintiff's favor.

69. Plaintiff has not complied with Section 50-e and/or 50-i and/or 50-h of the General Municipal Law of the State of New York.

70. Plaintiff has not complied with Section 52 of the County Law of the State of New York.

71. Plaintiff has failed to mitigate damages in this matter.

72. The Complaint fails to state a cause of action against the County of Nassau, Nassau County Police Department and Office of the Nassau County Police Commissioner upon which relief can be granted.

73. At all times mentioned in the Complaint and herein mentioned, all employees of the defendant County of Nassau alleged to have anything to do with the Plaintiff acted in good faith and without malice.

74. The actions complained of were in full accord with the applicable law.

75. The alleged acts of conduct of the individually-named defendants herein, under the case of *Monell v. New York City Dep't of Soc. Serv.*, does not create vicarious liability pursuant to the doctrine of respondeat superior and, consequently, Nassau County cannot be liable for any acts or conduct of any individual defendant herein, as a matter of law.

76. The Court does not have jurisdiction over the State and/or Common Law claims.

77. Plaintiff's constitutional and statutory rights have not been violated by the Defendants.

78. The County of Nassau, its agencies, departments and/or employees at all applicable times herein enjoyed a full, partial or qualified immunity from civil suit.

79. The Complaint is barred by the Statute of Limitations.

80. Pursuant to CPLR 1603, the Defendants assert the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

81. Punitive damages may not be recovered against the municipal defendants as a matter of law.

82. The Nassau County Police Department is not a suable entity.

83. Claims against the individually-named defendants in their "official capacities" is redundant and should be dismissed.

84. Pursuant to CPLR Section 8303-a the State and/or Common Law claims of the Plaintiff asserted against the Defendants is frivolous and was asserted in bad faith to delay or prolong the resolution of this litigation or to maliciously injure the County of Nassau; was asserted and continued in bad faith without any basis in law or fact and could not be supported by a good faith argument for an extension, modification or reversal of existing law, and Defendants are entitled to attorney fees in the sum of $10,000 and costs.

WHEREFORE, Defendants County of Nassau, Nassau County Police Department, Police Officer Randy S. Donley, Police Officer Robert DeSimone (s/h/a Police Officer "John" DeSimone (Shield #7299)) and Office of the Nassau County Police Commissioner demand judgment dismissing the Complaint in its entirety, with prejudice, together with such other and further relief this Court deems just and proper.

Dated: November 15, 2018
Mineola, New York

              JARED A. KASSCHAU
              Nassau County Attorney
              One West Street
              Mineola, New York 11501
              Attorney for Defendants

           By: _____/s/_____
              Stephen Carlin
              Deputy County Attorney
              (516) 571-6074

To: Louis F. Chisari, Esq. (By ECF)
   William K. Joseph, Esq. (By ECF)
   Marcote and Associates, P.C.
   108 New South Road
   Hicksville, NY 11801
   (516)280-2281
   Attorneys for Plaintiff